**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSE MOLINA, on behalf of Y.C., a minor child, | ) | CASE NO. 1:22-cv-1816 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Carmen E. Henderson (Doc. No. 17) with respect to the complaint of plaintiff Rose Molina ("Molina" or "plaintiff") filed on behalf of Y.C. (a minor child) and seeking judicial review of the denial by defendant Commissioner of Social Security ("Commissioner" or "defendant") of Y.C.'s application for Supplemental Security Income ("SSI"). The R&R recommends that the nondisability finding be reversed and the case be remanded under Sentence Four of § 405(g). The Commissioner filed objections to the R&R (Doc. No. 18) and Molina filed a reply to the objections (Doc. No. 19). Upon *de novo* review, and for the reasons set forth below, the Court hereby sustains the Commissioner's objections, rejects the R&R, and affirms the Commissioner's determination as to the relevant SSI application.

## I.      Procedural Background

On August 22, 2019, Molina filed an application for SSI on behalf of Y.C. alleging a disability onset date of April 12, 2011, and claiming that Y.C. was disabled due to ADHD,

aggression, learning disability, dyslexia, an inability to read in Spanish or English, and thyroid problems. (Doc. No. 8 (Transcript), at 185–192, 221[1].) The application was denied initially (*id*. at 82–84) and upon reconsideration (*id*. at 90–92). Molina requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*. at 93.)

On July 19, 2021, an ALJ conducted a hearing,[2] in which Molina participated and testified on behalf of Y.C., with the assistance of a Spanish interpreter and represented by counsel. (*Id*. at 37–52.)

On August 5, 2021, the ALJ issued a written decision finding that Y.C. was not disabled. (*Id*. at 23–31.) This decision became final on August 16, 2022, when the Appeals Council declined further review. (*Id*. at 1–4.)

On October 10, 2022, Molina filed her complaint challenging the Commissioner's denial of Y.C.'s application for SSI. (Doc. No. 1 (Complaint).) The matter was referred to the magistrate judge and, after complete briefing by the parties, Magistrate Judge Henderson issued her R&R on July 6, 2023, recommending that the Commissioner's decision be reversed and the case be remanded for further consideration.

## II.    Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

---

[1] Page number references to the administrative transcript are to the bates numbers applied to the lower right-hand corner of each page. All other page number references herein are to the consecutive page numbers applied to individual documents by the electronic filing system.

[2] Due to circumstances caused by the COVID-19 pandemic, the hearing was conducted online, with the consent of all concerned and according to ground rules outlined by the ALJ at the outset of the hearing.

Judicial review of the Commissioner's decision, however, is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

## III.    Discussion

### A.    Standard for Disability

There is no dispute regarding the R&R's articulation of the legal standard for disability applicable in this case and the Court reviews the standard here merely for reference.

An individual under the age of 18 is considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

3

The regulations provide a three-step sequential process for determining disability for children: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has an impairment or combination of impairments that is severe; and (3) whether the impairment(s) meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. §§ 416.924; 416.926; 416.926a. A negative determination at step 1 or step 2 ends the evaluation.

In this case, the ALJ's analysis reached step 3 where the claimant's functioning in six domains is assessed: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The ALJ compares how a claimant performs in each domain as compared to children who do not have an impairment. 20 C.F.R. § 416.926a(b)(2). To functionally equal the listings, the claimant's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

### B.      Analysis

In this case, the ALJ determined that Y.C. has "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms[.]" (Doc. No. 8, at 27; *see also id*. at 24 (listing the following severe impairments: ADHD, depression, learning disorder/unspecified developmental disorder, borderline intellectual functioning, unspecified episodic mood disorder, low weight, and dyslexia).) But the ALJ further determined that "the allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id*. at 27.) The ALJ ultimately concluded that Y.C. has a marked limitation in one domain (acquiring and using information); no limitation in two domains (moving about and manipulating objects; health and physical well-being); and less

4

than marked limitation in the remaining three domains (attending and completing tasks; interacting and relating with others; self care). (*Id*. at 26.) As a result, the ALJ determined that Y.C. is not disabled. (*Id*. at 30.)

The sole basis for Molina's judicial challenge to the ALJ's decision was the "finding that [Y.C.] has a less than marked limitation in the domain of Interacting and Relating with Others[.]" (Doc. No. 12 (Plaintiff's Brief), at 7.) Molina argued that this finding was not supported by substantial evidence. (*Id*.) In support, Molina pointed exclusively to the opinion of Y.C.'s intervention specialist, Tina Stepak (*id*. at 8–9), which the ALJ summarized as follows:

> Tina Stepak, Intervention Specialist, completed a questionnaire on October 16, 2019. She had known the claimant for two months. She saw the claimant for math, history and science. Claimant was in the ninth grade, but was reading at the kindergarten level. [Claimant's] dominant language was Spanish (Exhibit 4E/3). She did not cite limits in acquiring and using information and noted slight problems in attending and completing tasks. She also noted the claimant does not read or speak English very well, so it was hard to determine the answers (Exhibit 4E/4-5). She checked off serious problems in expressing anger appropriately, telling stories and using language appropriate to the situation and listener. She noted the child could do more if [claimant] spoke and read English (Exhibit 4E/6). She had not observed problems in moving about and manipulating objects (Exhibit 4E/7). In caring for yourself, claimant has slight problems handling frustration, being patient and knowing when to ask for help (Exhibit 4E/8). This opinion is persuasive and consistent with the evidence of record.

(Doc. No. 8, at 30.)

In response to the single issue and argument raised by Molina in this judicial appeal, the R&R properly focused on the ALJ's determination that Y.C. had a less than marked limitation in the domain of interacting and relating to others. The R&R agreed with Molina that such determination both failed to consider limitations specifically identified by Tina Stepak and was in conflict with the ALJ's additional finding that Stepak's opinion was "persuasive and consistent with the evidence of record." (Doc. No. 17, at 9.) The R&R concluded that "[t]his error was

harmful . . . because it was case determinative." (*Id*. at 12.) If Y.C. were found to have a marked limitation in the domain of interacting and relating to others, that (along with the marked limitation in the domain of acquiring and using information) would have supplied the second such limitation required for a finding of "disabled." (*Id*.) The R&R recommended that this case be remanded solely because "[t]he ALJ never actively stated that Ms. Stepak's opinions were rejected, nor the reason for rejecting them." (*Id*. at 9.)

Although the Commissioner had argued that Stepak explained that Y.C. would be able to do more if Y.C. spoke English, the R&R concluded that this was an interpretation of the ALJ's recitation of the facts that was based on an impermissible inference. (*Id*. at 9–10 (quoting *Conrad v. Saul*, No. 5:20-cv-1509, 2021 WL 4429848, at *11 (N.D. Ohio May 19, 2021) ("'[T]his Court is not permitted to make inferences from the cited evidence to rationalize the ALJ's decision, especially where, as in [sic] here, those inferences are in direct conflict with the ALJ's own statements about his reasoning.'"), *report and recommendation adopted*, 2021 WL 4429912 (N.D. Ohio Sept. 27, 2021).)

The Commissioner legitimately objects to this portion of the R&R, asserting that "'an ALJ is not required to adopt every limitation opined by a physician, even if she finds such an opinion persuasive.'" (Doc. No. 18, at 2 (quoting *Duma-Quigley v. Comm'r of Soc. Sec.*, No. 3:22-cv-917, 2023 WL 3016861, at *4 (N.D. Ohio Apr. 20, 2023).) The Commissioner argues that the R&R seems to require "that the ALJ have a detailed discussion of his conclusion regarding every rating in Ms. Stepak's questionnaire." (*Id*. (citing Doc. No. 17, at 11).) But, as pointed out by the Commissioner's objection, there is no such requirement. (Doc. No. 18, at 2–3 (collecting cases).) The Supreme Court has recently explained that an agency's reasons need only be "reasonably discernible," and "a reviewing court must uphold the decision unless a reasonable adjudicator

6

would have been compelled to reach a different conclusion." *Garland v. Ming Dai*, -- U.S. --, 141 S. Ct. 1669, 1679, 210 L. Ed. 2d 11 (2021) (statutory citation omitted) (reviewing an order of the Board of Immigration Appeals); *see also* Doc. No. 18, at 3. That principle is operable here.

In responding to a questionnaire about Y.C., Stepak identified certain "serious problems" in the domain of interacting and relating with others (*i.e.*, "in expressing anger appropriately, telling stories and using language appropriate to the situation and listener" (Doc. No. 8, at 30)); but Stepak attributed these problems to Y.C.'s inability to speak English, expressly stating that Y.C. "could do more if [Y.C.] spoke and read English." (*Id*.) It is *this* final opinion—linking the "serious problems" to lack of English skills—that the ALJ found "persuasive and consistent with the evidence of record." (*Id*.)

The ALJ had already cited other record evidence relating to this particular domain, noting that, although Y.C. "sometimes fights with . . . peers" and "had a temper tantrum at school after [the] teacher confiscated [Y.C.'s] cellphone[,]" Molina had reported to the consultative psychological examiner that Y.C. "got along adequately with . . . teachers and peers," even though there were "disciplinary problems at school for fighting." (*Id*. at 29.) Y.C.'s most recent school records had shown "no disciplinary incidents" and Y.C.'s February 10, 2021 IEP noted that Y.C. "works well with others[,] . . . is able to work [alone] and with others[,] likes to work with . . . crafts and enjoys drawing, [is] quiet in the classroom, but when . . . with friends . . . is social." (*Id*. (internal quotation marks omitted).)

Notably, there is no suggestion in the record that due to Y.C.'s "medically determinable physical or mental impairment(s)," Y.C. is *unable* to learn English; the record only supports that Y.C. *has not* learned English. This is not, as the R&R concluded, an *interpretation* or an *impermissible inference* by the Commissioner. Rather, it is an *explanation* (and a sufficient

explanation at that) for the ALJ's determination with respect to the domain of interacting and relating with others, especially when read in the context of the entire record. Simply put, it is "reasonably discernible" that the ALJ was stating that, according to Stepak, while Y.C. had certain difficulties, they were attributable to an inability to communicate in English. The ALJ accepted this as "persuasive and consistent with the evidence of record," and, along with other articulated evidence, supportive of the finding of a less than marked limitation in this domain. No "reasonable adjudicator would have been compelled to reach a different conclusion." *Garland*, 141 S. Ct. at 1679.

Therefore, there is substantial evidence in this record to support the Commissioner's decision to deny the application for SSI.

## IV.    Conclusion

For the reasons discussed above, following *de novo* review, the Court hereby sustains the Commissioner's objections, rejects the R&R, and affirms the Commissioner's determination as to the Supplemental Security Income application filed by plaintiff Molina on behalf of Y.C.

This case is closed.

**IT IS SO ORDERED**.

Dated: August 16, 2023

> **HONORABLE SARA LIOI**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**